BEST v. ULSTER & D. R. CO.

(Supreme Court, Appellate Division, Third Department.　November 16, 1898.)

RAILROADS—LIABILITY FOR STOCK KILLED.
　　A railroad company is not liable for the value of stock of a tenant killed by it, where the stock entered on its tracks through a panel of its fence chopped down by his landlord's son.

Appeal from trial term.
Action by Susan A. Best against the Ulster & Delaware Railroad Company. There was a judgment for plaintiff, and defendant appeals. Reversed.
Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Amos Van Etten, for appellant.
Charles Irwin, for respondent.

HERRICK, J.　The horses of the plaintiff escaped from the premises occupied by her to the tracks of the defendant, where they were killed. The plaintiff's husband traced their passage, and located the place where they left her premises and went upon the tracks of the defendant. At that point a panel of the fence between the railroad and the farm occupied by the plaintiff was down. One of the plaintiff's witnesses upon the direct examination testified that the son of the plaintiff's landlord cut down the fence at that point. This testimony is undisputed, and must be accepted as true. The court charged the jury that, if the son of the plaintiff's landlord cut down the fence at the point where the plaintiff's horses escaped and entered upon the tracks of the defendant, then the plaintiff could not recover for the value of the horses killed. That charge must be accepted as the law of the case upon this appeal. There was no evidence that the horses escaped at any other place, except where the panel of the fence was chopped down by the landlord's son, and no evidence in the case to dispute the fact that it was so chopped down. If the jury found contrary to this evidence, then there was no evidence to substantiate their finding. If they found the horses escaped where the panel of the fence was chopped down by the landlord's son, then they found contrary to the law of the case as charged by the court; and in either event the judgment should be reversed, and a new trial granted. All concur.